UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Radu Rasidescu, | Civil No. 04-4066 (JRT/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| University of Minnesota,<br>University of Minnesota Graduate School,<br>University of Minnesota Department of<br>Astronomy, Evan Skillman, Leonard Kuhi,<br>Liliya Williams, | |
| Defendants. | |

___

Radu Rasidescu, *Pro Se* Plaintiff.
Jennifer L. Frisch, for Defendants.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on November 23, 2004, on Defendants' Motion to Dismiss [#3]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, this Court recommends Defendants' Motion be granted.

**I. BACKGROUND**

Plaintiff Radu Rasidescu, a former graduate student in the Department of Astronomy at the University of Minnesota, claims in pertinent part that the University and certain of its departments and professors improperly required him to pay tuition. Plaintiff alleges that he had a "clear understanding" that the University would pay his tuition while he pursued a graduate degree in astronomy, and that the University defaulted in honoring his understanding. See Complaint, p. 3. He alleges Defendants obstructed justice when they "covered-up" their obligation to pay the tuition;

-1-

that Defendant Kuhi sent a defamatory email to other University professors; that several of the Defendants stole his Degree Program Form; that Defendant Williams breached her commitment to advise him in his studies; that the Defendants "dropped the ball" regarding the mediation process; and that the Defendants violated the University's dispute resolution process when they discriminated against him on the basis of his national origin and sex. Id., p. 3-5.

Plaintiff asserted eight causes of action in his Complaint: breach of a tuition contract; breach of a degree program contract; fraud in fact and law; discrimination based on sex and national origin; invasion of privacy; defamation; abuse of power; and obstruction of justice. In his prayer for relief, Plaintiff asks, *inter alia,* for monetary relief; that Defendants write him a letter of apology; and that the University create a task force to oversee its process of conflict resolution. Id., p. 5-6.

Defendants moved to dismiss the Complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); for insufficient service of process pursuant to Rule 12(b)(5); and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) [#3]. For the reasons that follow, the Court recommends the action be dismissed for lack of subject-matter jurisdiction.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move for dismissal based on lack of subject-matter jurisdiction. Through such a motion, a party may challenge the sufficiency of the pleading on its face or may challenge the factual truthfulness of its averments. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir.1993).

Once subject-matter jurisdiction is challenged, the plaintiff has the burden of establishing that jurisdiction exists. The plaintiff must validate the jurisdictional facts by competent proof or risk

dismissal. Zunamon v. Brown, 418 F.2d 883, 886 (8th Cir.1969) ("If the plaintiff's allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof") (citations omitted).

It is within the discretion of the court to determine how to proceed on jurisdictional questions, and the court "may consider materials outside the pleadings such as depositions or affidavits in determining whether the record demonstrates lack of subject-matter jurisdiction." Satz v. ITT Financial Corp., 619 F.2d 738, 742 (8th Cir.1980). In this case, Plaintiff presented no evidence to support his allegation that this court has subject-matter jurisdiction; rather, he rested on the bare pleadings. *Pro se* pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Horsey v. Asher, 741 F.2d 209, 211 n.3 (8th Cir. 1984). Although it is to be liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions. Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir.1981).

### III. LEGAL ANALYSIS

#### A.   This Court Lacks Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction, and subject-matter jurisdiction is a threshold matter that must be established. Godfrey v. Pulitzer Publ. Co., 161 F.3d 1137 (8th Cir. 1998). Federal courts may exercise jurisdiction over matters involving a federal question or diversity of citizenship. See 28 U.S.C. § 1331-32. Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing the existence of subject-matter jurisdiction rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

Any pleading must include "a short and plain statement of the grounds upon which the Court's jurisdiction depends." Fed.R.Civ.P. 8(a)(1); see also Bilal v. Kaplan, 904 F.2d 14, 15 (8th Cir. 1990) (federal court jurisdiction must affirmatively appear clearly and distinctly on the face of the complaint). Rule 8 is satisfied if the complaint says enough about jurisdiction to create some reasonable likelihood that the court is not about to hear a case that it is not supposed to hear. Gardner v. First American Title Insurance Co., 294 F.3d 991, 994 (8th Cir. 2002) (citation omitted). Here, Plaintiff fails to meet his burden of demonstrating that federal jurisdiction is proper. His Complaint does not allege facts sufficient to establish diversity or federal-question jurisdiction.

### 1. Plaintiff Has Failed to Establish Diversity Jurisdiction

To invoke diversity jurisdiction, the matter in controversy must exceed the value of $75,000 and the controversy must be between citizens of different states. 28 U.S.C. § 1332(a). The citizenship of the parties is a jurisdictional fact in diversity actions and the burden is on the plaintiff to plead and prove such facts. Any instance of common citizenship prevents federal diversity jurisdiction; complete diversity among all parties is required. Id.; Associated Ins. Management v. Arkansas Gen. Agency, 149 F.3d 794, 796 (8th Cir. 1998).

Here Plaintiff has not alleged facts showing diversity jurisdiction. Specifically, Plaintiff has not established that the controversy is between citizens of different states. The only reference Plaintiff includes in the Complaint to the citizenship of the parties is his own post office box address in Wisconsin. This is insufficient to establish diversity between the parties. See Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (pleadings must state citizenship of parties to establish diversity). Plaintiff has not established his citizenship (he does not even aver that he lives in Wisconsin) or that of the Defendants. Plaintiff provides no factual basis on which to conclude the

parties are diverse, and this Court cannot base its jurisdiction on an assumption that the parties are citizens of different states. Plaintiff fails to establish federal court jurisdiction based on diversity of citizenship.

### 2.  Plaintiff Has Failed to Establish Federal-Question Jurisdiction

Federal courts have jurisdiction over all civil actions arising under the Constitution or laws of the United States. 28 U.S.C. § 1331. The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when the plaintiff's well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

A plaintiff cannot establish federal-question jurisdiction on a bare allegation that his claims arise under the Constitution or laws of the United States. Stanurf v. Sipes, 335 F.2d 224, 228 (8th Cir. 1964). Jurisdiction, as determined from the allegations in the complaint, is wanting where the claim pleaded is plainly insubstantial. Id. A mere assertion of a deprivation of a federal right is not sufficient to sustain federal jurisdiction; conclusory statements unsupported by adequate factual allegations in the complaint will not suffice. Id., at 229.

Here, Plaintiff seeks to sustain federal-question jurisdiction on his bare allegation that his claims arise under federal law. Plaintiff asserted eight causes of action in his Complaint: breach of a tuition contract; breach of a degree program contract; fraud in fact and law; discrimination based on sex and national origin; invasion of privacy; defamation; abuse of power; and obstruction

of justice. Federal laws could provide a cause of action for only one of these claims - discrimination based on sex and national origin. Plaintiff's other claims all arise under state law.

Nonetheless, in his Complaint, Plaintiff alleges that his claims arise under federal laws. He includes the following authorities as "grounds for...[his] statement of claims:"

> Employment Laws of the U.S.A. and State of Minnesota; Contract Laws of U.S.A. and State of Minnesota; Tort/Fraud Laws of U.S.A. and State of Minnesota; Discrimination Laws of U.S.A. and State of Minnesota; Privacy Laws of U.S.A. and State of Minnesota; Equal Opportunity Non-Discrimination Laws of U.S.A. and State of Minnesota; Title VI and VII of the 1964 Civil Rights Act; Title IX fo the 172 Education Amendments; 20 U.S.C. 1232g ("FERPA"); 34 CFR Part 99 (Family Educational Rights and Privacy Act); NAFTA; Federal Rules of Civil Procedure; Local Rules and Regulations

Complaint, p. 6-7.

Despite Plaintiff's citations to federal law, it appears to the Court that Plaintiff's action is, in all actuality, a breach of contract action. Federal law does not create Plaintiff's cause of action for breach of contract, and the alleged tuition agreement between Plaintiff and Defendant does not implicate federal law. Nor does the relief he seeks, namely monetary damages arising from the alleged breach, Defendants' apology, and a new academic advisor, require resolution of a substantial question of federal law. See Franchise Tax, 463 U.S. at 13 (well-pleaded complaint rule). When the rights involved are rooted in state law, the allegation of a collateral federal issue (here, discrimination based on sex and national origin) does not transform the action into a federal case. See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 813 (1986).

The Court concludes that, on the face of the Complaint, Plaintiff's claim of federal-question jurisdiction is wholly insubstantial. Though Plaintiff claims his action arises generally from the "laws of the U.S.A.," and has cited a litany of federal statutes, he has failed to allege *how* Defendant's conduct violated these laws. Plaintiff provides no facts for the Court to infer federal-

question jurisdiction exists.  See Stanturf, 335 F.2d at 229 (plaintiff must allege facts to support federal jurisdiction).  Plaintiff advances no theory of liability under federal law, and jurisdiction may not be sustained on a theory that the plaintiff has not advanced.  Merrell Dow, 478 U.S. at 809 n. 6.  The Court believes the proper course is to dismiss for lack of jurisdiction without reaching the question whether the Complaint states a federal claim upon which relief can be granted.  See Bell v. Hood, 327 U.S. 678, 682-83 (1946).

In sum, neither diversity jurisdiction nor federal-question jurisdiction were properly pled in this action, nor do they exist.  The jurisdictional allegations are mere conclusory statements without factual support, and inadequately demonstrate the parties' citizenship as required for diversity jurisdiction, or that Plaintiff's alleged cause of action arose under the Constitution or laws of the United States.  This Court does not have subject-matter jurisdiction over Plaintiff's claims.

### IV.  CONCLUSION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss the Complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) [#3] be **GRANTED** and that Plaintiff's claims be **dismissed without prejudice.**

Dated: December 22, 2004         *s/ Franklin L. Noel*
                                 FRANKLIN L. NOEL
                                 United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 12, 2005**, written

objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **January 12, 2005** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.