## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| RADU RASIDESCU,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF MINNESOTA; UNIVERSITY OF MINNESOTA GRADUATE SCHOOL; UNIVERSITY OF MINNESOTA DEPARTMENT OF ASTRONOMY; EVAN SKILLMAN; LEONARD KULHI; and LILIYA WILLIAMS,<br><br>Defendants. | Civil No. 04-4066 (JRT/FLN)<br><br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

Radu Rasidescu, P.O. Box 941, Hudson, WI 54016, plaintiff *pro se*.

Jennifer L. Frisch, Associate General Counsel, University of Minnesota, 360 McNamara Alumni Center, 200 Oak Street Southeast, Minneapolis, MN 55455, for defendants.

Plaintiff Radu Rasidescu filed suit against the University of Minnesota and certain of its departments and professors claiming that they improperly required him to pay tuition. Specifically, Rasidescu asserts eight causes of action, including breach of a tuition contract; breach of a degree program and contract; fraud in fact and law; discrimination based on sex and national origin; invasion of privacy; defamation; abuse of power; and obstruction of justice. Defendants move to dismiss the complaint.

The case was referred to United States Magistrate Judge Franklin L. Noel for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and D. Minn. LR 72.1. In the Report and Recommendation, dated December 22, 2004, the Magistrate Judge recommended that the case be dismissed for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. § 1332. Rasidescu objected to the Report and Recommendation stating that he sufficiently alleged diversity jurisdiction. The Court conducted a *de novo* review of Rasidescu's objections pursuant to 28 U.S.C. § 636(b)(1) and D. Minn. LR 72.1. For the reasons set forth below, the Court overrules Rasidescu's objections and adopts the Report and Recommendation of the Magistrate Judge.

Federal courts have limited jurisdiction. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). Subject-matter jurisdiction is a threshold matter that the plaintiff must establish. *Id.* A plaintiff risks dismissal when the pleadings fail to state grounds regarding the Court's jurisdiction. Fed. R. Civ. P. 8(a)(1).

To satisfy diversity jurisdiction, the controversy must be between citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. The distinction between residence and citizenship is well settled, and mere residence in a particular state is insufficient to determine citizenship. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). Instead, citizenship is synonymous with domicile. *Sheehan*, 967 F.2d at 1215. Domicile requires (1) presence in a purported state, and (2) the intention to remain in that state indefinitely. *Id.* Courts look to numerous factors to determine domicile, such as where an individual files state taxes, registers to vote, and

lists his or her permanent address. *Id.* at 1215-16. General allegations of residence, such as listing a post office box, however, are insufficient to establish citizenship. *Martinez v. Martinez*, 62 Fed. Appx. 309, 313-14 (10th Cir. 2003).

Rasidescu's mere assertion that his address is a post office box in Hudson, Wisconsin, therefore, is insufficient for the Court to establish that he is a Wisconsin citizen. Although *pro se* pleadings should be liberally construed, such complaints still require specific facts to support the alleged conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981). As Rasidescu neither establishes that he resides in Wisconsin and intends to remain there indefinitely, nor provides any information regarding the defendants' state citizenship, the Court finds that Rasidescu failed to adequately assert diversity jurisdiction by not establishing the citizenship of the parties. Accordingly, the Court must dismiss this matter for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. § 1332.

## ORDER

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 22] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 21]. Accordingly, **IT IS HEREBY ORDERED** that:

1.     Defendants' Motion to Dismiss the Complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) [Docket No. 3] is **GRANTED**.

- 4 -

2. Plaintiff's Complaint [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  July 1, 2005             s/ John R. Tunheim        _
at Minneapolis, Minnesota.         JOHN R. TUNHEIM
                                                                   United States District Judge